## COMMONWEALTH *vs.* JAMES H. KELLEY.

Bristol.    October 28, 1890. — November 25, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Intoxicating Liquors — Common Nuisance.*

At the trial of a complaint for keeping a common nuisance there was evidence that during the time alleged a barrel of ale on tap, and another untapped, were found in a shed, which was the tenement in question, near the rear of the defendant's grocery shop and accessible therefrom; that, three days before, many persons were seen going in the direction of the shed, as if for a drink, accompanied by the defendant; and that on other days persons apparently had procured something to drink from the defendant or his clerk, and were carrying it away in pails and cans from somewhere near the shed. *Held,* that the evidence was sufficient to go to the jury.

COMPLAINT for keeping a common nuisance, to wit, a tenement in New Bedford used for the illegal sale and keeping for sale of intoxicating liquors, from June 24, 1889, to July 4, 1889. At the trial in the Superior Court, before *Thompson,* J., the government introduced evidence tending to prove the following facts.

The defendant kept a grocery store in the first story of a building on Acushnet Avenue in New Bedford, with a front entrance on the street and a rear entrance from a yard behind the building. Access was had to this yard from the street through a gate and along a passageway beside the building. In the back part of the yard, directly behind the building and but a short distance away, was a small shed, which was the tenement in question. During the evening of July 3, 1889, certain police officers in searching the premises found in this shed a barrel of ale untapped, and another barrel which had been tapped, half full of ale, and under the faucet a pitcher full of ale which was foaming. Three days before, on Sunday morning, many persons were seen to go through the gate and along the passageway, and to pass with the defendant, who was then sitting in the yard, out of sight, and after stopping a short time to come out again. At the same time a little girl was seen to go in at the gate, and after

a while to come out of the front entrance of the shop with a package concealed under her shawl. On other days during the time alleged, the defendant and his clerk, while attending to business in the store, were seen to go with various persons who had cans or pails in their hands towards the rear of the store. These persons would stay there a few minutes, and then pass out again through the store, or through the passageway and gate upon the street, with their cans or pails apparently containing something.

The judge refused to rule, as requested by the defendant, that there was not sufficient evidence to warrant a conviction, and submitted the case to the jury. The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. Brown & R. C. Brown*, for the defendant.

*H. A. Wyman*, Second Assistant Attorney General, for the Commonwealth.

C. ALLEN, J. The only question is whether the evidence was sufficient to warrant a conviction, and we think it was. It tended to show that, on July 3, there was a barrel of ale on tap, and another untapped, in the shed near the rear of the defendant's grocery shop, and accessible therefrom ; that, three days before, many persons were seen going in that direction, as if for a drink, accompanied by the defendant; that on other days persons apparently had procured something to drink from the defendant or his clerk, and were carrying it away in pails and cans from somewhere near the shed. Nothing intoxicating was found anywhere except in the shed.

*Exceptions overruled.*